# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ARLENE B. WHITE,<br>　　　　　　　Appellant, | DOCKET NUMBER<br>AT-0845-16-0248-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　　Agency. | DATE: September 8, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Arlene B. White, Fort Myers, Florida, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal of an overpayment waiver reconsideration decision from the Office of Personnel Management (OPM) as untimely filed without good cause shown for the delay. Generally, we grant petitions such as this one only when:

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  In an appeal signed and filed on December 31, 2015, the appellant challenged an OPM reconsideration decision that, among other things, denied her request for a waiver of collection of an overpayment of annuity benefits under the Federal Employees' Retirement System. OPM's reconsideration decision instructed the appellant that she should file her appeal with the Board's regional office. Initial Appeal File (IAF), Tab 1, Tab 5 at 3b. After the administrative judge acknowledged receipt of the appeal and issued an order setting forth the appellant's requisite burden of proof, the agency moved that the appeal be dismissed as untimely filed without good cause shown. IAF, Tab 5 at 2-3, 5.

¶3  On March 29, 2016, the administrative judge issued an order stating that the appeal appeared to be untimely filed and ordering the appellant to file evidence and argument showing that the appeal was either timely filed or that good cause existed for the delay in filing. IAF, Tab 6. The administrative judge noted that there was a U.S. Postal Service tracking information report indicating that the appellant received OPM's reconsideration decision on November 28, 2015. *Id.*

¶4      The appellant did not respond to the administrative judge's order. On April 14, 2016, the administrative judge issued an initial decision that dismissed the appeal as untimely filed without good cause shown.  IAF, Tab 7, Initial Decision (ID).

¶5      The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  She alleges that she received the reconsideration decision on or about November 30, 2015, and "mailed back [her] response on the 30th day." *Id.* at 2.  She also alleges that her appeal arrived late to the Board because of a holiday.  *Id.*  She further claims that she was unable to respond to the administrative judge's timeliness order because of several medical reasons, including the flu and sinusitis.  *Id.*  Regarding the merits of her appeal, she argues that OPM's denial of her request for a waiver of the overpayment would impose an undue financial hardship on her.  *Id.* at 2-6.  OPM has responded to the petition for review.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      The Board's regulations provide that an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency decision, whichever is later.  5 C.F.R. § 1201.22(b).  The date of a filing submitted by mail is determined by the postmark date.  5 C.F.R. § 1201.4(*l*).

¶7      To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014); *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that

affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her appeal. *Marcantel*, 121 M.S.P.R. 330, ¶ 10; *Alonzo*, 4 M.S.P.R. at 184. The Board generally holds that, when, as here, an appellant fails to follow OPM's instructions, it does not constitute good cause for any ensuing delay. *Maggard v. Office of Personnel Management*, 102 M.S.P.R. 75, ¶ 9 (2006).

¶8    The U.S. Postal Service tracking report in the record indicates that OPM's reconsideration decision was delivered to the appellant's residence by certified mail on November 28, 2015, at 9:30 a.m. IAF, Tab 5 at 7. The Board previously has considered parcel tracking reports as evidence that delivery was accomplished at a particular date and time. *See Cody v. Department of the Navy*, 104 M.S.P.R. 161, ¶ 7 (2006). Although the appellant claims on review that she received the appeal "on or near November 30, 2015," the Board has no reason to doubt the validity of the postal tracking information indicating that she received OPM's decision on November 28, 2015. PFR File, Tab 1 at 2. Therefore, to be timely filed, her appeal should have been filed on or before December 28, 2015. 5 C.F.R. § 1201.22(b)(1). However, the appellant's appeal was postmarked on December 31, 2015, and thus that is the filing date. IAF, Tab 1 at 20; *see* 5 C.F.R. § 1201.4(*l*). This determination is supported by the appeal form itself, which the appellant signed on December 31, 2015. IAF, Tab 1 at 9.

¶9    The appellant claims that she did not respond to the administrative judge's timeliness order of March 29, 2016, because she was suffering from several medical ailments. PFR File, Tab 1 at 2. However, this does not explain why her initial appeal was filed 3 days late. The timeliness order informed the appellant that, to establish that medical reasons prevented her from timely filing, she must identify the time period in which she suffered from the illness, and submit medical and other supporting evidence indicating that she had the illness or disease in the relevant time period, and explain how the illness or disease prevented her from filing in a timely manner or requesting an extension in which

to file.  IAF, Tab 6 at 4; *see Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).  However, she has neither provided any supporting medical evidence nor alleged any connection between her ailments and the inability to file her initial appeal in a timely manner.

¶10     The appellant also claims that the appeal was mailed on time, but arrived late because of "the holiday."  PFR File, Tab 1.  The Board finds this argument unpersuasive.  The appeal was signed and postmarked on December 31, 2015, making it 3 days late at the time it was filed.  IAF, Tab 1 at 9, 20; *see* 5 C.F.R. § 1201.4(*l*).  It was received by the Board's Atlanta Regional Office on January 4, 2016, but that date is irrelevant, as the timeliness of an appeal is determined by the filing date.  IAF, Tab 1 at 1; *see* 5 C.F.R. § 1201.4(*l*).

¶11     In sum, while the filing delay here is not excessive, the appellant has not shown that she exercised due diligence or ordinary prudence under the particular circumstances of her case.  *Alonzo*, 4 M.S.P.R. at 184.  In the absence of a showing of good cause, the Board has dismissed as untimely filed appeals when the filing delay was minimal.  *Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 16 (2009); *White v. Department of Justice*, 103 M.S.P.R. 312, ¶¶ 10, 15 (2006).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff.

Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                       Jennifer Everling
                       Acting Clerk of the Board

Washington, D.C.